

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700
Newark, NJ 07102

973/645-2700

RF/MJ
Plea agreement

May 4, 2011

Thomas Ambrosio
750 Valley Brook Avenue
Lyndhurst, NJ 07071

Re: <u>Plea Agreement with Altariq Gumbs, Crim. No. 07-143 (SRC)</u>

Dear Mr. Ambrosio:

This letter sets forth the plea agreement between your client, Altariq Gumbs, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Altariq Gumbs to Count 1 of a Second Superseding Indictment filed under Crim. No. 07-143 (SRC)("Second Superseding Indictment"), which charges him with Racketeering Conspiracy, in violation of Title 18, United States Code, Sections 1962(d) and 1963. If Altariq Gumbs enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office (1) will not initiate any further criminal charges against Altariq Gumbs for the acts as set forth more fully in Count 1 of the Second Superseding Indictment, such acts having been committed by Altariq Gumbs as part of his association with a criminal enterprise referred to as the Fruit Town and Brick City Brims set of the Bloods (hereinafter "Fruit Town and Brick City Brims Set"), and (2) will dismiss at sentencing Count 17 of the Second Superseding Indictment which charges him with conspiring with others to distribute heroin from in or about October, 2008 through in or about December 22, 2008.

Count 1 of the Second Superseding Indictment charges that from at least as early as in or about January 1999 through in or about December 2009, Altariq Gumbs, "together with others known and unknown, being persons employed by and associated with the Fruit Town and Brick City Brims Set, an enterprise which engaged in, and the activities of which affected interstate and foreign commerce, knowingly and intentionally conspired to

violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of affairs of the Fruit Town and Brick City Brims Set through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of multiple acts involving . . . drug trafficking, witness intimidation and bribery."

As part of his plea agreement to this charge, the defendant admits that he agreed that at least one co-conspirator would commit two or more racketeering acts. Further, the defendant admits he committed the following two acts:

<u>Racketeering Act One</u> (Conspiracy to Distribute Heroin), During the period of the conspiracy alleged in Count One of the Second Superseding Indictment, the defendant did knowingly and intentionally combine, conspire, confederate, and agree with others to distribute at least 700 grams but less than one kilogram of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i), in violation of Title 21, United States Code, Section 846.

<u>Racketeering Act Two</u> (Conspiracy to Bribe M.J.), On or about February 5, 2009 through on or about February 8, 2009, the defendant did conspire with others to directly or indirectly offer, confer or agree to confer upon a witness or informant, "M.J.," a benefit in consideration of the witness or informant testifying or informing falsely, withholding testimony or information or otherwise obstructing, delaying, preventing or impeding an official proceeding or investigation, in violation of N.J.S.A. Sections 2C:5-2 and 2C:28-5(d).

all in violation of Title 18, United States Code, Sections 1962(d) and 1963.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Altariq Gumbs agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Altariq Gumbs may be commenced against him, notwithstanding the expiration of the limitations period after Altariq Gumbs signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1962(d) to which Altariq Gumbs agrees to plead guilty carries a statutory maximum prison sentence of 20 years in prison pursuant to 18 U.S.C. § 1963(a) and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Altariq Gumbs is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Altariq Gumbs ultimately will receive.

Further, in addition to imposing any other penalty on Altariq Gumbs, the sentencing judge: (1) will order Altariq Gumbs to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Altariq Gumbs to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Altariq Gumbs, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may require Altariq Gumbs to serve a term of supervised release of not more than three (3) years, which will begin at the expiration of any term of imprisonment imposed. Should Altariq Gumbs be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Altariq Gumbs may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Altariq Gumbs by the sentencing judge, to correct any misstatements relating to the

sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Altariq Gumbs's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Altariq Gumbs agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Altariq Gumbs from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Altariq Gumbs waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office

will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Altariq Gumbs. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Altariq Gumbs.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause him removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

No Other Promises

   This agreement constitutes the plea agreement between Altariq Gumbs and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

            Very truly yours,

            Paul J. Fishman
            United States Attorney

            By: Robert Frazer
            Assistant U.S. Attorney

APPROVED:

David Malagold
Acting Unit Chief, Organized Crime/Gangs

I have received this letter from my attorney, Thomas Ambrosio, Esq. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, forfeiture, and immigration and registration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
Altariq Gumbs

Date: 6-3-011

I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____
Thomas Ambrosio, Esq.

Date: 6-3-11

- 7 -

## Plea Agreement With Altariq Gumbs

### Schedule A

1. This Office and Altariq Gumbs recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Altariq Gumbs nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Altariq Gumbs within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Altariq Gumbs further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2010 applies in this case.

### Racketeering Conspiracy

3. The applicable guideline for the violation of 18 U.S.C. § 1962(d) set forth in Count One is U.S.S.G. § 2E1.1.

4. That guideline carries a Base Offense Level equal to the greater of 19 or the offense level applicable to the underlying racketeering activity. See U.S.S.G. § 2E1.1(a).

5. The racketeering activity admitted by Altariq Gumbs includes the following two racketeering acts:

   (A) The conspiracy to distribute at least 700 grams but less than one kilogram of heroin ("Racketeering Act One").

   (B) The conspiracy to bribe a witness between February 5, 2009 and February 8, 2009 ("Racketeering Act Two").

6. In regard to Racketeering Act One, the applicable guideline is U.S.S.G. § 2D1.1(c).

7. Insofar as the amount of heroin attributable to the defendant was at least 700 grams but less than one kilogram, this guideline carries a base offense level of 30. U.S.S.G. § 2D1.1(c)(5).

8. In regard to Racketeering Act Two, the underlying racketeering activity is a conspiracy to bribe a witness, in violation of N.J.S.A. § 2C:5-1 and N.J.S.A. § 2C:28-5(d). Where

*[handwritten annotation: "conspiracy to commit bribery" with signature and date 8/18/11]*

the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used. See U.S.S.G. § 2E1.1, comment. (n.2). Here, the state offense of ~~attempt to commit murder~~ is most analogous to U.S.S.G. § 2J1.2. That guideline carries a Base Offense Level of 14.

        9. Because the offense involved a threat to cause physical injury to a person in order to obstruct the administration of justice, an 8-level increase applies. U.S.S.G. § 2J1.2(b)(1)(B).

        10. Therefore, the offense level applicable to Racketeering Act Two is 22.

Grouping

        11. Where there is more than one underlying offense committed by a defendant pursuant to 18 U.S.C. § 1962, each underlying offense is treated as if contained in a separate count of conviction. See U.S.S.G. § 2E1.1, comment. (n.1). Altariq Gumbs is therefore pleading guilty to two separate counts of conviction corresponding to the two Racketeering Acts under the Racketeering Conspiracy.

        12. The offense level for Group One, the heroin conspiracy, is the highest level (Level 30). Pursuant to § 3D1.4, one unit is counted for the highest level.

        13. Since the offense level for Group Two (Level 22) is eight levels below that of Group One, one-half unit is counted for Group Two. U.S.S.G. § 3D1.4(a).

        14. After the grouping analysis, a total of 1 ½ units is applied. Pursuant to U.S.S.G. § 3D1.4, 1 ½ units increases the offense level by one level.

        15. Therefore, after the grouping analysis, the base offense level is 31.

        16. As the defendant was an organizer or leader of the criminal activity of the enterprise as charged in the Racketeering Conspiracy and because the enterprise consisted of five or more participants, the base offense level is increased by four levels. U.S.S.G. § 3B1.1(a).

        17. As of the date of this letter, Altariq Gumbs has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility

is appropriate if Altariq Gumbs's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

18. As of the date of this letter, Altariq Gumbs has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Altariq Gumbs enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Altariq Gumbs's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Altariq Gumbs will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

19. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Altariq Gumbs is 32 (the "agreed total Guidelines offense level").

20. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 32 is reasonable.

21. Altariq Gumbs knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 32. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 32. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

22. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

23. The parties agree that for purposes of determining the applicability of U.S.S.G. § 5K2.23, that (1) Altariq Gumbs has completed a term of imprisonment from a conviction for robbery on or about November 5, 2003 in the State of New Jersey; (2) subsection (b) of § 5G1.3 would have provided an adjustment had the completed term of imprisonment been undischarged at the time of sentencing for the instant offense since part of the conduct that forms the Racketeering Conspiracy offense in Count One of the Second Superseding Indictment involves the same conduct that forms the basis of the defendant's Essex County guilty plea to Robbery on or about November 5, 2003.